UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MICHAEL ST-LAURENT, as Personal
Representative of the Estate of ANNE MARIE
GOYETTE ST-LAURENT, deceased,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT FOR WRONGFUL DEATH

Plaintiff, MICHAEL ST-LAURENT, as Personal Representative of the Estate of ANNE MARIE GOYETTE ST-LAURENT, deceased, by undersigned counsel, sues the Defendant, UNITED STATES OF AMERICA, and alleges:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is a claim against the United States of America for money damages for wrongful caused by the negligence or wrongful acts or omissions of employees, agents, and servants of the Florida Community Health Center, Inc. ("FCHC") located at Lakeshore Medical, 1100 N. Parrott Avenue, Okeechobee, FL 34972.

2. Jurisdiction is based on 28 U.S. C. § 1331 [Federal Question], and pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(e)(1) because, as referenced herein, the decedent was treated as a patient at Florida Community Health Center, Inc., located in Okeechobee, Florida.

- 2 –

4. At all times material hereto, Plaintiff, MICHAEL ST-LAURENT ("Mr. St-Laurent"), is and was a resident of Okeechobee, Florida.

5. Mr. St-Laurent is or will be appointed as Personal Representative of the Estate of ANNE MARIE GOYETTE ST-LAURENT, deceased.

6. Decedent ANNE MARIE GOYETTE ST-LAURENT ("Mrs. Goyette St-Laurent") was a natural person who resided in Okeechobee, Florida, at all relevant times up to her death on October 25, 2013.

7. Mr. St-Laurent and Mrs. Goyette St-Laurent were married on October 1, 2005, and remained married until Mrs. Goyette St-Laurent's death.

8. The Defendant, United States of America, by and through its employees, agents and servants, rendered medical care to the decedent, Mrs. Goyette St-Laurent, from 2006 through October 2013, in Okeechobee, Florida at FCHC, which is an agency of the Defendant, United States of America.

9. At all times relevant hereto, physicians, nurses, employees and agents of Florida Community Health Center, Inc. provided medical care and treatment to Mrs. Goyette St-Laurent.

## COMPLIANCE WITH CONDITIONS PRECEDENT

10. This action has been commenced against the United States of America within 6 years after the right of action first accrued. The Plaintiff has complied with the requirements of 28 U.S.C. § 2401 by presenting a claim in writing to the appropriate deferral agency within two years after the claim occurred. Florida Community Health Center, Inc. has acknowledged that it received the claim on October 10, 2014 via a letter from counsel for the United States of America. The Defendant has failed to deny the claim within six months of the date of notice was sent. Therefore,

- 3 –

the Plaintiff has complied with any and all conditions precedent to the maintenance of this lawsuit including 28 U.S.C. § 2401 and § 2675.

## FACTS GIVING RISE TO CAUSE OF ACTION

11. On September 27, 2012, decedent, Anne Marie Goyette St-Laurent, presented to the Florida Community Health Center, Inc. ("FCHC") in Okeechobee, Florida. She was previously a patient at FCHC, and utilized FCHC as her primary care service.

12. On September 27, 2012, Mrs. Goyette St-Laurent presented to FCHC and was seen by Paulette Disinger, ARNP. Mrs. Goyette St-Laurent presented with severe pelvic/abdominal pain that was located in both lower quadrants of her abdomen. She also complained of painful urination and blood in her urine. She did not have a past medical history of kidney stones, urinary tract infections (UTI's), or irritable bowel that would explain this new onset of symptoms. ARNP Disinger documented her pelvis/abdominal pain, dysuria, and hematuria, but failed to make a proper differential diagnosis about what could be causing these concerning complaints and symptoms.

13. ARNP Disinger only entertained a potential urinary tract infection, and ordered Ms. Goyette St-Laurent to drink cranberry juice, and take medications for an UTI. Even though ARNP Disinger was only entertaining an UTI at that time, the urinary analysis came back negative for any elevated levels of white blood cells, which are commonly found when one is suffering from an acute UTI.

14. The standard of care required ARNP Disinger to make a proper differential diagnosis of other potential causes of her complaints and symptoms, which included, but were not limited to, a potential tumor or mass or other pathological abnormalities which would explain these complaints and symptoms. Although ARNP Disinger was not responsible for making the diagnosis

- 4 –

of a potential mass, the standard of care required her to do the following: (1) order a stat referral to an emergency room or outpatient center that could perform the proper imaging studies, (2) order a stat referral to a urologist, and (3) have a medical doctor evaluate Ms. Goyette St-Laurent before she left FCHC to ensure that the proper differential was made.  ARNP Disinger therefore fell below the standard of care and was negligent in failing to properly treat and care for Mrs. Goyette St-Laurent.

15. If any of these avenues were taken and had the standard of care been met by ARNP Disinger, the proper imaging studies would have been secured in a timely fashion, and her carcinoma would have been identified seven to eight months earlier.

16. Mrs. Goyette St-Laurent was diagnosed with an adrenal cortical neoplasm in May of 2013, and unfortunately succumbed to her disease in October 25, 2013.

17. But for the delay in diagnosing and treating this tumor, Ms. Goyette St-Laurent's carcinoma was able to spread, and this spread affected her survivability according to the SEER produced by the National Cancer Institute.

18. Mrs. St-Laurent was survived by her husband Mr. St-Laurent and their five children:  John M. St-Laurent (born 2006), Philomena Marie St-Laurent (born 2007), Mark Anthony St-Laurent (born 2008), Cecilia Jean St-Laurent (born 2010), and Genevieve Elizabeth St-Laurent (born 2011).

- 5 –

## COUNT I - VICARIOUS LIABILITY OF THE DEFENDANT, UNITED STATES OF AMERICA FOR THE NEGLIGENCE OF HEALTH CARE PROVIDER RENDERING CARE AND TREATMENT TO <u>ANNE MARIE GOYETTE ST-LAURENT AT FCHC</u>

19. The Plaintiff re-alleges and reaffirms all of the allegations contained in paragraphs 1 through 18 above and further alleges the following:

20. ARNP Disinger and any and all other physicians, nurses, technicians and healthcare providers who participated in the care and treatment of decedent at Florida Community Health Center, Inc. were actual agents or employees of the United States of America or agencies and at all times material hereto, were acting within their scope of their agency relationships with the United States of America.

21. Florida Community Health Center, Inc. held out all physicians, nurses, technicians and healthcare providers who participated in the care and treatment of decedent, as its agents, never informing decedent otherwise and never informing Plaintiff's decedent that the United State of America and/or Florida Community Health Center, Inc. took no responsibility for the actions of physicians, nurses, technicians and healthcare providers at these outpatient clinics. Decedent accepted treatment from physicians, nurses, technicians and healthcare providers at Florida Community Health Center, Inc.

22. Florida Community Health Center, Inc. entered into an implied contract with decedent for the delivery of healthcare services in accordance with the accepted standard of care when Decedent received any all treatment at their office. The Defendant's duty to provide non-negligent care was non-delegable, and Florida Community Health Care, Inc. undertook to deliver the necessary medical care through physicians, nurses and other healthcare providers at these facilities.

23. The Defendant, United States of America, is liable, therefore, for the negligence of physicians, nurses, technicians and healthcare providers at Florida Community Health Care, Inc. who provided care to Mrs. Goyette St-Laurent as alleged in Count I.

24. As a direct and proximate result of the negligence alleged in Count I, the Plaintiff died on October 25, 2013 and the damages sustained by the Estate as set forth more particularly below.

**CLAIM FOR DAMAGES OF THE SURVIVORS AND ESTATE OF ANNE MARIE GOYETTE ST-LAURENT**

25. As a direct and proximate result of the negligence of the Defendant, as set forth in the Counts I-II above, Michael St-Laurent, brings this action as the Personal Representative of the Estate of ANNE MARIE GOYETTE ST-LAURENT to recover all damages permitted by law including without limitation the following:

   a. On behalf of Michael St-Laurent, as the surviving spouse of the deceased, damages for loss of Mrs. Goyette St-Laurent's companionship and protection and for mental pain and suffering from the date of injury;

   b. On behalf of Mrs. Goyette St-Laurent's five surviving children John M. St-Laurent (born 2006), Philomena Marie St-Laurent (born 2007), Mark Anthony St-Laurent (born 2008), Cecilia Jean St-Laurent (born 2010), and Genevieve Elizabeth St-Laurent (born 2011) for their loss of companionship, protection, guidance and for mental pain and suffering from the date of the injury.

   c. Funeral expenses and other expenses relating to the funeral and burial of Mrs. Mrs. Goyette St-Laurent.

- 7 –

      d.      Loss of support and services provided by Mrs. Goyette St-Laurent to her surviving husband and her five surviving children;

WHEREFORE, the Plaintiff, MICHAEL ST-LAURENT, as Personal Representative of the Estate of ANNE MARIE GOYETTE ST-LAURENT, deceased, demands judgment against the Defendant, United States of America, for all damages and other relief to which he, the five surviving children and the Estate are legally entitled, together with pre-judgment interest and post-judgment interest to the extent authorized by law, and costs of this action.

Dated: May 23, 2016

                                    RUSSOMANNO & BORRELLO, P.A.
*Counsel for Plaintiff*
Museum Tower – PH 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101

By:    /s/ *Herman J. Russomanno*_____
Herman J. Russomanno (Fla. Bar No. 240346)
hrussomanno@russomanno.com
Robert J. Borrello (Fla. Bar No. 764485)
rborrello@russomanno.com
Herman J. Russomanno III (Fla. Bar No. 21249)
herman2@russomanno.com
Christopher S. Russomanno (Fla. Bar No. 14657)
chris@russomanno.com